IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

THE UNITED STATES OF AMERICA,
for the use and benefit of INFRA-METALS CO.

          Plaintiff,

v.

CORNERSTONE CONTRACTING, INC.,
INNOVATIVE SUPPORT SOLUTIONS, INC.,
FEINSTEIN IRON WORKS, INC.,
WESTERN SURETY COMPANY and
JOHN DOE, defendant being unknown to
Plaintiff and having issued a Miller Act Payment Bond
Relative to the Project at issue in the Complaint.

          Defendants.

Case No.:

---

## COMPLAINT

The Plaintiff, The United States of America, for the use and benefit of Infra-Metals Co. ("Infra-Metals"), by its attorneys, Block, Longo, LaMarca & Brzezinski, P.C. and Nolan Heller & Kauffman LLP, for its Complaint against the Defendants herein, alleges:

### Parties

1. Infra-Metals is a Connecticut corporation, having its principal place of business at 55 Pent Highway, Wallingford, Connecticut 06492.

2. The Defendant Cornerstone Contracting, Inc. ("Defendant Cornerstone") is a foreign corporation, authorized to transact business in the State of New York, with a principal place of business at 831 Oakton Street, Elk Grove Village, Illinois 60007.

3. The Defendant Innovative Support Solutions, Inc. ("Defendant ISS") is a foreign corporation, transacting business in the State of New York, with a principal place of business at 259 East Third Street, Elmhurst, Illinois 60126.

4. Upon information and belief, the Defendants Cornerstone and ISS (collectively, the "General Contractor Defendants"), and each of them, were an owner, a co-owner, an agent, representative, partner or alter ego of the other, or otherwise acting on behalf of each other and, in doing the actions hereinafter alleged, were acting within the course and scope of their authorities as an owner, a co-owner, an agent, representative, partner or alter ego of the other, with the full knowledge, permission and consent of each other, and each of them having ratified the acts of the other, including the Defendant ISS securing payment and performance bonds for the benefit and on behalf of the Defendant Cornerstone, to secure construction work on Federal projects in the United States.

5. The Defendant Feinstein Iron Works, Inc. (the "Defendant Feinstein") is a New York corporation, having its principal place of business at 990 Brush Hollow, Westbury, New York 11590.

6. The Defendant Western Surety Company ("Defendant Surety") is a corporation, authorized to do business in the State of New York, with an office for the transaction of business at 151 N. Franklin Street, Chicago, Illinois 60606.

7. Upon information and belief, at all times hereinafter mentioned, the Defendant Surety was authorized to issue performance bonds and payment bonds in the State of New York.

**Jurisdiction and Venue**

8. Certain of the claims set forth in this action arise under the Act of 1935, 49 Stat. 794; U.S.C. Title 40, sec. 3131, *et seq.* (the "Miller Act").

9. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. § 1331 and 40 U.S.C. § 3133(b)(1).

10. Venue is proper in this Court pursuant to 40 U.S.C. § 3133(b)(2)(B).

## FIRST CAUSE OF ACTION

11. Upon information and belief, the General Contractor Defendants entered into an agreement (the "General Contract") with the United States of America/U.S. Department of Veterans Affairs (the "Owner") for the project known as Replace Cooling Towers and Replace Chillers PH II at VA New York Harbor Healthcare System, Manhattan Campus, New York, under Contract Number 36C24221C0143 (the "Project").

12. Thereafter, the General Contractor Defendants entered into an agreement (the "Subcontract") with the Defendant Feinstein, whereby it was agreed that the Defendant Feinstein would perform some of the services and provide some of the materials that the General Contractor Defendants were to provide to the Owner pursuant to the General Contract.

13. Thereafter, the Defendant Feinstein entered into an agreement (the "Materials Contract") with the Plaintiff Infra-Metals, whereby it was agreed that Infra-Metals would provide some of the materials, in the form of structural steel, that the Defendant Feinstein was to provide to the General Contractor Defendants pursuant to the Subcontract.

14. The Plaintiff Infra-Metals duly performed its scope of work pursuant to the Materials Contract.

15. Upon information and belief, the Plaintiff Infra-Metals' materials were incorporated in the Project.

16. All conditions precedent to the Plaintiff being entitled to payment of the amount due and owing from the Defendant Feinstein have been satisfied or performed by the Plaintiff or

waived or excused by Defendant Feinstein.

17. Although duly demanded by the Plaintiff, Defendant Feinstein has not fully paid Plaintiff for the materials, and there remains due from the Defendant Feinstein to Plaintiff the sum of $64,727.78, together with interest from September 25, 2023 and reasonable attorneys' fees.

18. By reason of the foregoing, the Defendant Feinstein has breached the Materials Contract.

## SECOND CAUSE OF ACTION

19. The Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 18 as if more fully set forth herein.

20. Upon information and belief, the Defendant Surety issued a Miller Act payment bond (the "Payment Bond") in regard to the Project, on which Payment Bond the General Contractor Defendants were the Principal(s) and Defendant Surety was the surety.

21. Upon information and belief, by the terms of the Payment Bond, the General Contractor Defendants and the Surety are jointly and severally obligated thereon to Defendant Feinstein's materialmen, such as the Plaintiff Infra-Metals.

22. The Plaintiff Infra-Metals served a formal written claim against the Payment Bond.

23. The General Contractor Defendants and the Defendant Surety have failed and refused to make any payment to the Plaintiff for any part of the amount of a valid claim against the Payment Bond.

24. More than ninety (90) days have passed since the last of the materials for which claim is made were provided, and the Plaintiff Infra-Metals is a person entitled to sue upon the

Payment Bond for the amounts due and owing.

25. This action is brought within one (1) year of the date the Plaintiff last provided materials for the Project.

26. By reason of the foregoing, General Contractor Defendants and the Defendant Surety are jointly and severally liable to Plaintiff in the amount of $64,727.78, together with interest from September 25, 2023, and reasonable attorneys' fees pursuant to statute.

### THIRD CAUSE OF ACTION

27. The Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 26 as if more fully set forth herein.

28. From time to time, at the request of the Defendant Feinstein, the Plaintiff would provide structural steel to the Defendant Feinstein for their use on construction projects.

29. The Plaintiff Infra-Metals invoiced the Defendant Feinstein for the structural steel purchased on account.

30. There is currently due and owing to Infra-Metals the sum of $45,769.39 on the open account.

31. Despite due demand, the Defendant Feinstein has failed and refused to pay to Infra-Metals the sum of $45,769.39.

32. By reason of the foregoing, the Defendant Feinstein has breached its open account agreement with Infra-Metals.

**WHEREFORE**, Plaintiff demands judgment in its favor as follows:

(a) On the First Cause of Action, against the Defendant Feinstein Iron Works, Inc., in the amount of $64,727.78, together with interest from September 25, 2024, and reasonable attorneys' fees;

5

(b) On the Second Cause of Action, against Defendants Cornerstone Contracting, Inc., Innovative Support Solutions, Inc. and Western Surety Company, jointly and severally, in the amount of $64,727.78, together with interest from September 25, 2024, and attorneys' fees pursuant to statute;

(c) On the Third Cause of Action, against the Defendant Feinstein Iron Works, Inc., in the amount of $45,769.39, together with interest and reasonable attorneys' fees;

(d) For such other and further relief as to this Court seems just, proper and equitable, including costs and attorney's fees.

DATED:   Buffalo, New York
         September 12, 2024

Respectfully submitted,

**BLOCK, LONGO, LaMARCA & BRZEZINSKI, P.C.**

By: /s/ Christopher Cardillo
        Christohper A. Cardillo
9276 Main Street, Suite 3
Clarence, New York 14031
Telephone: (716) 317-0662
Facsimile: (716) 854-0059
ccardillo@blockandlongo.com
(application for admission in preparation)

and

**NOLAN HELLER KAUFFMAN LLP**

By:   /s Gregory Zini
        Gregory Zini
80 State Street, 11th Floor
Albany, New York 12207
Direct: (716) 536-0933
Switchboard: (518) 449-3300
gzini@nhkllp.com