IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

THE UNITED STATES OF AMERICA, for the use
and benefit of INFRA-METALS CO.,

                           Plaintiff,

-against-

CORNERSTONE CONTRACTING, INC., INNOVATIVE
SUPPORT SOLUTIONS, INC., FEINSTEIN IRON
WORKS, INC., WESTERN SURETY COMPANY and
JOHN DOE, defendant being unknown to Plaintiff and
having issued a Miller Act Payment Bond Relative to the
Project at issue in the Complaint,

                           Defendants.

**ANSWER WITH CROSS-CLAIMS**

Case No.: 1:24-cv-06933

---

      Defendants, Cornerstone Contracting, Inc., Innovative Support Solutions, Inc. and Western Surety Company, by and through their attorneys, Hinman, Howard & Kattell, LLP, as and for an answer to plaintiff's complaint, with cross-claims, hereby state and allege as follows:

      1.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph Nos. "1", "5", "13", "14", "15", "16", "17", "18", "24", "25", "28", "29", "30", "31" and "32" of the complaint.

      2.     Admit the allegations set forth in paragraph Nos. "2", "3", "6" and "7" of the complaint.

      3.     Deny the allegations set forth in paragraph Nos. "4", "11", "12", "22" and "26" of the complaint.

      4.     The allegations set forth in paragraph Nos. "8", "9" and "10" are legal conclusions not requiring a response. However, to the extent a response is required, the allegations set forth therein are denied.

1

5. Defendants repeat the responses herein with respect to the allegations set forth in in paragraph Nos."19" and "27" of the complaint as if fully set forth herein.

6. With regard to the allegations set forth in paragraph Nos. "20" and "21" of the complaint, the answering defendants admit that defendant Western Surety issued a payment bond but refers to the bond for its specific terms and conditions and denies the remaining allegations set forth therein to the extent they are inconsistent with same.

7. With regard to the allegations set forth in paragraph No. "23" of the complaint, the answering defendants admit that they have not made payment to plaintiff but deny that they are legally obligated to make such payment.

8. Deny each and every allegation of the complaint not hereinbefore admitted, controverted or denied.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

9. Plaintiff has failed to state a claim against the answering defendants upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

10. Plaintiff has failed to provide the requisite notice required under the Miller Act and the bond.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

11. Plaintiff's claim is barred, in whole or in part, by its failure to comply with common law and/or statutory conditions precedent to bringing its claim and/or conditions precedent contained in the Bond.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

12. Plaintiff's claims against defendant Innovative Support Solutions, Inc. are barred because it lacks privity of contract.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

13. Upon information and belief, plaintiff is not entitled to payment because its materials or services were defective, deficient and non-compliant with the project requirements and not fit for their intended use at the time supplied.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

14. Plaintiff's claims against the answering defendants are subject to the defenses of the Feinstein Iron Works, Inc. and the answering defendants assert the benefit of same as a defense barring or limiting Plaintiff's claim against the answering defendants or the Bond.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

15. Plaintiff's claims against Western Surety Company and the Bond are barred because Plaintiff did not furnish labor or materials to either the prime contractor, or a subcontractor to the prime contractor, on the project and thus it has no right to file a claim against the Bond.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

16. Plaintiff's claims are barred by the applicable statute of limitations.

### AS AND FOR A FIRST CROSS-CLAIM AGAINST CO-DEFENDANT FEINSTEIN IRON WORKS, INC.

17. At all times herein mentioned, defendant, Cornerstone Contracting, Inc. ("Cornerstone") was and is a foreign Corporation transacting business in the State of New York

with an office for the principal conduct of business at 831 Oakton Street, Elk Grove Village, Illinois 60007.

18. Upon information and belief, at all times herein mentioned, defendant, Feinstein Iron Works, Inc. ("Feinstein") was and is a domestic corporation with an office for the conduct of business located at 990 Brush Hollow, Westbury, New York 11590.

19. On or about February 17, 2022, Cornerstone entered into a Master Subcontract Agreement with Feinstein that contained terms and conditions governing any project-specific subcontract agreement entered into between them in the future.

20. Also on or about February 17, 2022, Cornerstone entered into a project-specific subcontract with Feinstein in which Feinstein agreed to furnish and install labor and materials for a construction project identified as "Replace Cooling Towers and Replace Chillers PH II at VA New York Harbor Healthcare System, Manhattan Campus, New York under Contract Number 36C24221C0143" ("Project").

21. Feinstein failed to timely or adequately progress or perform its work under the subcontract, failed or refused to provide workmen, supervisors equipment or material to perform its work, portions of its work were defective and not completed in conformance with the terms of the contract specifications, and it abandoned its remaining contracted scope of work.

22. Upon information and belief, Feinstein also failed to pay its subcontractors and suppliers monies claimed to be due by them with respect to labor and materials furnished to the Project.

23. Cornerstone has duly performed all of its obligations under the Contract and paid Feinstein an amount in excess of credits owed to Cornerstone for payments it made to

subcontractors or suppliers of Feinstein and for the costs incurred by Cornerstone to repair and complete the work that Feinstein was obligated to perform under the Contract.

24. As a result of the foregoing, Feinstein has breached the subcontract with Cornerstone and Cornerstone is entitled to judgment against it in the amount of Four Hundred Twenty-Three Thousand, Four Hundred Fifteen and 80/100 ($423,415.80) Dollars, plus interest and attorney's fees.

### AS AND FOR A SECOND CROSS-CLAIM BY CORNERSTONE CONTRACTING, INC. AGAINST CO-DEFENDANT FEINSTEIN IRON WORKS, INC.

25. Cornerstone repeats and realleges each and every allegation contained in paragraph Nos. "17" through "24" of this Counterclaim with the same force and effect as if the same were fully set forth at length herein.

26. If plaintiff was caused to sustain damages at the time and place set forth in the complaint through a contractual breach such damages were sustained in whole or part due to the contractual breach, acts or omissions or commission and culpable conduct of said co-defendant, Feinstein, by operation of law.

27. If plaintiff should recover judgment or settlement against the answering defendants, then co-defendant, Feinstein, shall be liable to indemnify the answering defendants in whole for the amount of any recovery obtained herein by plaintiff against the answering defendants, as the Court or jury may direct.

28. As a result of the foregoing, co-defendant, Feinstein, should indemnify the answering defendants based upon common law indemnification if the answering defendants are found liable for any amount in connection with this action.

29. If plaintiff was caused to sustain damages at the time and place set forth in the

5

complaint through a contractual breach such damages were sustained in whole or part due to the contractual breach, acts or omissions or commission and culpable conduct of said co-defendant, Feinstein, by operation of law.

30. If plaintiff should recover judgment or settlement against the answering defendants, then co-defendant, Feinstein, shall be liable to indemnify the answering defendants in whole for the amount of any recovery obtained herein by plaintiff against the answering defendants, as the Court or jury may direct.

31. As a result of the foregoing, co-defendant, Feinstein, should indemnify the answering defendants based upon common law indemnification if Cornerstone is found liable for any amount in connection with this action.

**WHEREFORE**, the answering defendants, Cornerstone Contracting, Inc., Innovative Support Solutions, Inc., and Western Surety Company, demand judgment as follows:

A.  Dismissing the complaint against them; and

B.  On the first cross-claim, judgment in favor of Cornerstone Contracting, Inc. against Feinstein Iron Works, Inc., in the amount of Four Hundred Twenty-Three Thousand, Four Hundred Fifteen and 80/100 ($423,415.80) Dollars, plus interest and attorney's fees;

C.  On its second cross-claim, judgment in favor of the answering defendants against Feinstein Iron Works, Inc. indemnifying them in an amount, if any, that the answering defendants are found to be liable to plaintiff in connection with this action

D.  Together with such other and further relief as the Court deems just and proper.

Dated: November 14, 2024

*(signature)*
Paul C. Marthy, Esq.
HINMAN, HOWARD & KATTELL LLP
*Attorneys for Defendants*
*Cornerstone Contracting, Inc.*
*Innovative Support Solutions, Inc., and*
*Western Surety Company*
10 Airline Drive, Suite 205
Albany, New York 12205
(518) 869-5552
pmarthy@hhk.com

To:  Christopher A. Cardillo, Esq.
Block, Longo, LaMarca & Brzezinski, P.C.
*Attorneys for Plaintiff*
9276 Main Street, Suite 3
Clarence, New York  14031
(716) 854-0059
ccardillo@blockandlongo.com

Gregory Zini, Esq.
Nolan Heller Kauffman LLP
*Attorneys for Plaintiff*
80 State Street, 11th Floor
Albany, New York  12207
(716) 536-0933
gzini@nhkllp.com

Richard Kraslaw, Esq.
Richard A. Kraslaw, P.C.
*Attorneys for Defendant*
*Feinstein Iron Works, Inc.*
425 Broad Hollow Road, Suite 206
Melville, New York  11747
(631) 756-8300
Rakpc.law@gmail.com