

80 STATE STREET, 11TH FLOOR
ALBANY, NY 12207

TELEPHONE (518) 449-3300
FACSIMILE (518) 432-3123

www.nhkllp.com

GREGORY ZINI, ESQ.
Direct dial: (716) 536-0933
gzini@nhkllp.com

November 15, 2024

**VIA CM/ECF**

Hon. Valerie E. Caproni, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

   Re: *U.S. Ex Rel Infra-Metals Co. v. Cornerstone Contracting, Inc.,*
      **No. 24-CV-6933-VEC.**

Dear Judge Caproni:

  We represent Plaintiff Infra-Metals Co. in the above-captioned Miller Act action. We write in response to the Court's Order dated September 25, 2024. Counsel for all other parties have reviewed and agreed to the form and substance of this letter.

  As an initial matter, we note that just yesterday, Defendant Cornerstone Contracting, Inc. ("Cornerstone") filed cross-claims against Defendant Feinstein Ironworks, Inc. ("Feinstein"), and Feinstein's response to those cross-claims will not be due before the preliminary conference scheduled for November 22, 2024. Accordingly, **counsel for all parties request an adjournment of the conference.** Counsel for Feinstein has asked me to advise the Court that he will be out of the state, thus unavailable for an in-person conference, between December 6, 2024 and January 4, 2025 (but available remotely). In addition, my principal office is in Buffalo, and the principal office of counsel for Cornerstone, Innovative Support Solutions, Inc. ("Innovative"), and Western Surety Company ("Western") is in Albany. A remote conference would be efficient for all counsel and thus for the parties whom they represent, although certainly I recognize that it ultimately was my choice to represent a litigant in the Southern District.

  The remainder of this letter addresses Your Honor's Order, Paragraph 2, item-by-item.

  a. This case arises under the Miller Act (see (c) below). Plaintiff was a material supplier to Feinstein with respect to a federal construction project. Feinstein is or was a

Hon. Valerie E. Caproni, U.S.D.J.
November 15, 2024
Page 2

subcontractor to the general contractors, Cornerstone and ISS. Western issued a payment bond for the project. Feinstein did not pay Plaintiff for the materials Plaintiff supplied for the project. Feinstein has asserted general denials and defenses and has cross-claimed against Cornerstone for breach of contract; Cornerstone has generally denied the cross-claim. In addition, Cornerstone has asserted cross-claims against Feinstein for breach of contract and for indemnification. As above, Feinstein's response to those cross-claims is not yet due.

  b. As pleadings have not yet closed, the parties are unable to anticipate motion practice.

  c. Subject matter jurisdiction is proper because this action is brought under the Miller Act, 40 U.S.C. § 3131 *et seq.*; thus, there is federal question jurisdiction pursuant to 28 U.S.C. § 1331.

  d. The parties will be able to evaluate the prospect for settlement once pleadings have closed. However, this appears to be a case suitable for reference to alternative dispute resolution.

  e. The parties are unable to propose a case management plan at the moment because pleadings have not yet closed. The parties believe that a Rule 16 conference would be helpful eventually, and, as above, also believe it would be efficient if conducted remotely.

  Thank you for your kind attention to this letter.

            Respectfully submitted,

            **NOLAN HELLER KAUFFMAN LLP**

            Gregory Zini

cc: Counsel for all parties (via CM/ECF)